UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:08-CR-332 JCM (GWF) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| DWIGHT RAMON POLLARD, et al., | |
| Defendant(s). | |

Presently before the court is defendant Dwight Pollard's objection to the entry of an order of forfeiture and, in the alternative, request for a hearing on the question of the amount of proceeds. (Doc. # 473). The government filed a response (doc. # 484), and an errata to the response (doc. # 486).

**I.    Background**

The case is before the court on remand from the appellate court. (*See* doc. # 454). The court finds it necessary to give a thorough description of the procedural and factual history of the case.

On August 25, 2009, the government filed a ten-count second superseding indictment alleging various conspiracy and fraud-related offenses against Pollard and four co-defendants. (Doc. # 55).  The second superseding indictment also included six forfeiture allegations relating to bank fraud and conspiracy charges against the defendants. (Doc. # 55).

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

Pollard pleaded guilty under a sealed plea agreement to one count of aggravated identity theft, a violation of 18 U.S.C. § 1028A.[1]  The government dismissed the remaining counts against Pollard based on the terms of the plea agreement.  In Pollard's plea agreement the parties included a section on forfeiture.  The parties outlined that,

> Defendant knowingly and voluntarily agrees to the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of up to $4,128,554.00, including but not limited to, all assets listed in the Second Superseding Criminal Indictment ("property"), and the criminal forfeiture of an *in personam* criminal forfeiture money judgment in the amount of $4,128,554.00 in United States Currency.

(Doc. # 269 at 11).

Pollard also waived various rights with respect to the forfeiture including constitutional due process requirements; Federal Rule of Criminal Procedure 32.2(a); Eighth Amendment claims or defenses concerning the "property"; and any other constitutional, legal, and equitable defenses to a claim or defense of excessive fine concerning the "property."  (Doc. # 269 at 11-12).  Pollard agreed to the entry of an order of forfeiture of the "property."  (Doc. # 269 at 12).

Finally, the plea agreement outlined that Pollard knowingly and voluntarily agreed and understood that "the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the property shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon [him] in addition to the abandonment or the forfeiture."  (Doc. # 269 at 12).

Pollard and his counsel signed the plea agreement.  At sentencing, the government asked the court to enter a forfeiture order in the amount of $4,128,554.00, as agreed to by the parties in the plea agreement.  (*See* doc. # 350 at 20-21).  In response to the government's request, Pollard's counsel stated, that the parties "have a plea agreement in this case and Mr. Pollard did agree to the forfeiture amount of $4 million and some so we're bound by the terms of the plea agreement."  (Doc. # 350 at 21-22).  The court found that it was not bound by the terms of the plea agreement and declined to impose forfeiture against Pollard.  (Doc. # 350 at 22).

---

[1] Pollard also pleaded guilty to a criminal information alleging one misdemeanor count of possession a false identification document with intent to defraud the United States.  (Docs. ## 263, 267).

**James C. Mahan**
**U.S. District Judge**

- 2 -

The government initiated the appeal to the Ninth Circuit after this court decided not to impose forfeiture against the defendant. The government moved to consolidate the appeal with a number of other cases and filed a consolidated brief.

The defendant maintained that his issues were divergent from the other appellees consolidated in the government's opening brief on appeal. The defendant filed a separate answering brief. The defendant noted that his appeal involved issues not determined in *United States v. Newman*, 659 F.3d 1235 (9th Cir. 2011). Further, the Ninth Circuit's remand order specifically stated that this defendant may raise his objections to the imposition of forfeiture order on remand.

Defendant filed the instant objection, which this court now considers with *United States v. Newman* in mind.

**II.   Discussion**

   *A.  Pollard's objection*

Pollard's objection includes a statutory authority argument and a notice argument, both asserting that the court should not impose criminal forfeiture. The court will address each in turn.

First, Pollard asserts that there is no statutory authority for the court to impose criminal forfeiture for a violation of 18 U.S.C § 1028A. (Doc. # 473 at 2, 8). 18 U.S.C. §§ 981 and 982 are the authorizing statutes for the court's imposition of civil and criminal forfeiture. Pollard argues that because § 1028A is not included in the list of offenses in §§ 981 and 982, forfeiture is not statutorily authorized. (Doc. # 473 at 8).

The government responds that forfeiture for a conviction of bank fraud in violation of 18 U.S.C. § 1344 is specifically authorized in §§ 981 and 982. Section 1028A applies to anyone who "during and in relation to any felony violation enumerated in subsection (c)"—which includes bank fraud—"knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person." 18 U.S.C. § 1028A(a)(1) and (c)(5). The government argues that because § 1028A is incorporated by reference in § 1344, criminal forfeiture is statutorily authorized for any conviction under § 1028A. (*See* doc # 484 at 25).

James C. Mahan
U.S. District Judge

- 3 -

1    The court agrees with the government's assessment of the issues.  First, the court finds 18
2    U.S.C. § 1028A is incorporated by reference in 18 U.S.C. § 1344.  Section 1344 is specifically
3    enumerated in the authorizing statutes for forfeiture.  *See* 18 U.S.C. §§ 981 and 982.  Accordingly,
4    criminal forfeiture is authorized where a defendant is charged with a violation of § 1028A.

5    Second, Pollard argues that the government's indictment failed to provide him sufficient
6    notice under Federal Rule of Criminal Procedure 32.2(a) that forfeiture would follow from his plea
7    to aggravated identity theft. (Doc. # 473 at 2).  Pollard asserts that, because he pled to aggravated
8    identity theft, which did not have a forfeiture allegation in the government's second superseding
9    indictment, he did not have adequate notice under Rule 32.2(a).

10   The government responds that Pollard explicitly waived the requirements of Rule 32.2(a),
11   along with his Eighth Amendment rights to challenge the forfeiture, and various other rights, when
12   he negotiated and contracted with the United States for a better deal in his plea agreement.   (*See*
13   doc. # 484 at 21).  Specifically, the government alleges that Pollard waived the requirement of a
14   forfeiture allegation for the substantive count in the indictment to which he pled.  (Doc. # 484 at
15   21).

16   The court finds that Pollard had notice of the criminal forfeiture.  The government's second
17   superseding indictment discussed forfeiture allegations for bank fraud and conspiracy in violation
18   of 18 U.S.C. §§ 1334, 371.  The grand jury indicted Pollard for each of these violations and the
19   government included his name under each count and each forfeiture allegation.  Pollard clearly
20   had notice that criminal forfeiture was a part of the charges he was facing, even if the indictment
21   did not specifically outline forfeiture for the aggravated identity theft charges.

22   Finally, Pollard attempts to argue that the forfeiture inclusion in his plea agreement was
23   merely a "concession to the prospect of a forfeiture," but not a binding agreement to that forfeiture.
24   The government responds that Pollard unequivocally agreed to the criminal forfeiture money
25   judgment of the specific amount of $4,128,554.00.  (Doc. # 484 at 17).

26   The court finds that Pollard's plea agreement unambiguously stated that criminal forfeiture
27   would be a part of Pollard's plea and conviction for aggravated identity theft.  Pollard explicitly
28   agreed to criminal forfeiture in the amount of $4,128,554.00 in his plea agreement, under a section

**James C. Mahan**
**U.S. District Judge**

- 4 -

labeled, bolded, and underlined "**Forfeiture**." The purposeful inclusion of this section negates any argument that Pollard did not have notice. As further evidence of his understanding and notice, Pollard's attorney, at sentencing, stated that Pollard could not oppose the imposition of the $4,128,554.00 criminal forfeiture, because he had agreed to it in his plea agreement and was bound by those terms. The court finds Pollard had adequate notice that forfeiture would follow from his plea to aggravated identity theft in violation of § 1028A.[2]

  B. *Pollard's request for a hearing to determine the amount of proceeds*

Defendant requests that, should the court find statutory authority for imposition of forfeiture and that Pollard had sufficient notice, the court hold a hearing to determine the amount of "proceeds" Pollard obtained relevant to the count of conviction. (Doc. # 473 at 2).

"When the government seeks a money judgment, Rule 32.2(b) does not permit the court to do anything other than 'determine the amount of money that the defendant will be ordered to pay,' which is specified by statute." *United States v. Newman*, 659 F.3d 1235, 1242 (9th Cir. 2011). "The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and

---

[2] In addition, the court notes the Ninth Circuit's decision in *United States v. Bibian*, No. 14-10054, --- Fed. App'x ---, 2015 WL 1286257, at *1-2 (9th Cir. March 23, 2015). In *Bibian*, the defendant appealed the district court's order denying his motion to strike or reform his plea agreement. *See Bibian*, 2015 WL 1286257, at *1. The panel dismissed the defendant's appeal for lack of jurisdiction based on clear language in the plea agreement that the defendant knowingly and voluntarily waived his right to appeal. *Id.*

Similarly to Pollard, the defendant in *Bibian* pleaded guilty to knowingly transferring false identification documents, a violation of 18 U.S.C. § 1028. *Id.* The defendant argued that his waiver of his appellate rights regarding criminal forfeiture was unknowing, and thus unenforceable, because his plea agreement contained an ambiguity in the amounts of forfeiture the government sought. *Id.* Paragraph 11 of his plea agreement included a fixed forfeiture amount of $1.9 million, while paragraph 2 noted that he earned between $1 million and $1.9 million through his criminal dealings. *Id.* The panel found that, because the defendant's plea agreement unambiguously set forth a fixed forfeiture amount, his appellate waiver was enforceable. *Id.*

While not considered Ninth Circuit precedent, *Bibian* further bolsters this court's determination that 1) Pollard's criminal forfeiture based solely on a plea of guilty under 18 U.S.C. § 1028, is statutorily authorized; and 2) Pollard's agreement to a specific amount of criminal forfeiture in his plea agreement negates any notice argument, making his waiver of appellate and other rights enforceable.

James C. Mahan
U.S. District Judge

- 5 -

1 accepted by the court as relevant and reliable." *Id.* at 1245 (citing Fed. Rule of Crim. P.
2 32.2(b)(1)(B)).

3 In most cases, an admission by the defendant suffices to prove the factual basis for criminal
4 forfeiture. *Id.* However, if the court has good reason to believe that the proposed forfeiture order
5 exceeds the amount authorized by statute then the court, in its discretion, may inquire into the
6 factual basis for the proceeds. *Id.*

7 The Ninth Circuit remanded this case for this court to follow the procedures set forth in
8 *United States v. Newman*, 659 F.3d 1235 (9th Cir. 2011). *Newman* instructed that, on remand, the
9 district court should first consider whether there is a reason to believe that the statements in the
10 plea agreement are not sufficient evidence of the statutorily imposed amount of money – here, the
11 proceeds of the criminal activity. *See id.* "If the district court has no reason to question the
12 accuracy of the stipulated amount, then the court should enter an order of criminal forfeiture in the
13 agreed amount . . . ." *Id.*

14 Here, as in *Newman*, the parties stipulated to an amount of forfeiture and agreed to its
15 payment. The district court may rely on factual statements in the plea agreement. *See* Fed. R.
16 Crim. P. 32.2(b)(1)(B) ("The court's determination may be based on evidence already in the record,
17 including any written plea agreement...."). Because the parties stipulated to an amount of forfeiture
18 and agreed to its payment, the government did not have an independent obligation to offer detailed
19 proof of that stipulated fact. *Newman*, 659 F.3d at 1245.

20 The court finds no reason to question the accuracy of the stipulated amount. The court will
21 deny Pollard's request for a hearing regarding the amount of the proceeds and will enter an order
22 of criminal forfeiture in the agreed amount of $4,128,554.00.

23
**III.     Conclusion**
24

25 Accordingly,

26 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Dwight
27 Ramon Pollard's objection to entry of an order of forfeiture and, in the alternative, request for a
28

**James C. Mahan**
**U.S. District Judge**

- 6 -

hearing on the question of the amount of the proceeds (doc. # 473) be, and the same hereby is, DENIED.

DATED April 30, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**